IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BANKS,            ) | No. C 13-0355 LHK (PR) |
|                         ) | |
|        Plaintiff,       ) | ORDER OF DISMISSAL |
|                         ) | |
|   v.                    ) | |
|                         ) | |
| COMMISSION OF JUDICIAL  ) | |
| PERFORMANCE, et al.,    ) | |
|                         ) | |
|        Defendants.      ) | |
|                         ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for an extension of time to file his in forma pauperis application is GRANTED. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, Plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In 2008, Plaintiff was convicted of murder. The gist of Plaintiff's complaint is that he discovered an article or opinion in the Daily Appellate Report in August 2012 that demonstrated that the California Court of Appeal was wrong in affirming his 2008 conviction and sentence.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via Section 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Here, Plaintiff is not challenging the conditions of his confinement. In essence, he is attacking the lawfulness of his conviction. Because Plaintiff's claim, if successful, could affect the duration of his custody, and the determination of his claim could result in entitlement to an earlier release, his claim must be brought in habeas. *See Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely"

1  accelerate the prisoner's release on parole, must be brought in a habeas petition).  Accordingly,
2  this action is DISMISSED without prejudice to Plaintiff's re-filing as a petition for habeas
3  corpus pursuant to 28 U.S.C. § 2254.
4      The Clerk shall terminate all pending motions and close the file.
5      IT IS SO ORDERED.
6  DATED:   5/1/13
                                                    _____
7                                                    LUCY H. KOH
                                                    United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.13\Banks355habftsc.wpd        3